Franklyn H. Snitow (FS 7414)
SNITOW KANFER HOLTZER & MILLUS, LLP
575 Lexington Avenue, 14th Floor
New York, New York 10022-6102
Tel. No. (212) 317-8500
Fax No. (212) 317-1308
fsnitow@skhmlaw.com
*Attorneys for Defendants*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
COMPREHENSIVE NETWORK, INC.,                       :
COMPREHENSIVE RESOURCES, INC., and                    07 Civ. 10678 (SHS)
COMPREHENSIVE COUNSELING SERVICES, INC.,    :

                          Plaintiffs,                     :

           -against-                                  :     **ANSWER**

THE COMPREHENSIVE CENTER, LLC.,                    :
a/k/a THE COMPREHENSIVE CENTER FOR
REHABILITATION, a/k/a COMPREHENSIVE              :
KIDS DEVELOPMENTAL SCHOOL, and
COMPREHENSIVE STAFFING SOLUTIONS, LLC.,   :

                          Defendants.                     :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

       Defendants, named herein as THE COMPREHENSIVE CENTER, LLC ("Comprehensive Center"), a/k/a THE COMPREHENSIVE CENTER FOR REHABILITATION, a/k/a COMPREHENSIVE KIDS DEVELOPMENT SCHOOL, and COMPREHENSIVE STAFFING SOLUTIONS, LLC ("Comprehensive Staffing"), by their attorneys, Snitow Kanfer Holtzer & Millus, LLP, as and for their Answer to the Complaint of plaintiffs, allege as follows:

## NATURE OF ACTION

       1.     Admit only that plaintiffs have commenced an action in this Court alleging various claims for relief but, except as so admitted, deny the allegations

contained in Paragraph "1" of the Complaint.

## JURISDICTION AND VENUE

2. Admit only that plaintiffs have commenced an action in this Court alleging various claims for relief for purported trademark infringement and unfair competition under certain laws and statutes alleged therein, but, except as so admitted, deny the allegations contained in Paragraph "2" of the Complaint.

3. Neither admit nor deny the statements and allegations contained in Paragraph "3" of the Complaint and leave all issues of subject matter jurisdiction to this Court for determination.

4 Neither admit nor deny the statements and allegations contained in Paragraph "4" of the Complaint and leave all issues of personal jurisdiction to this Court for determination, except aver that defendants stipulated to waive any defenses concerning personal jurisdiction based on service of process.

5. Admit that defendants do business in New York and, except as so admitted, leave all issues of venue to this Court for determination.

## THE PARTIES

6. Deny knowledge or information sufficient to form a belief as to the truth of the allegation contained in Paragraph "6" of the Complaint.

7. Deny the allegations contained in Paragraph "7" of the Complaint, except aver that defendants Comprehensive Center and Comprehensive Staffing are New York limited liability companies and maintain offices at the address alleged, and

further, deny that Comprehensive Center is also known as Comprehensive Kids Developmental School.

## FACTUAL BACKGROUND

8.  Deny knowledge or information sufficient to form a belief as to the truth of the allegation contained in Paragraph "8" of the Complaint.

9.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "9" of the Complaint.

10. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "10" of the Complaint.

11. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "11" of the Complaint, except deny the allegations to the extent they allege or suggest any legal conclusions with respect to any of plaintiffs' purported rights or activities.

12. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "12" of the Complaint.

13. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "13" of the Complaint.

14. Deny the allegations contained in Paragraph "14" of the Complaint.

15. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "15" of the Complaint, except aver, upon

information and belief, that the USPTO website shows information concerning said alleged applications.

    16.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "16" of the Complaint.

## DEFENDANTS' WRONGFUL ACTS

    17.    Deny the allegations contained in Paragraph "17" of the Complaint, except aver that there were communications at some point between Nathan Sklar and Dr. Joseph Geliebter and that Mr. Sklar founded a limited liability company known as The Comprehensive Center, LLC, and deny the allegations to the extent they allege, suggest, or imply any wrongful, unlawful, or improper acts or omissions by any of the defendants.

    18.    Deny the allegations contained in Paragraph "18" of the Complaint, except aver that Comprehensive Center applied for certain DOE contracts at some time, and the Court is respectfully referred to said contracts for the true content and meaning thereof.

    19.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "19" of the Complaint, except deny the allegations to the extent they allege, suggest, or imply any wrongful, unlawful, or improper acts or omissions by any of the defendants.

    20.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "20" of the Complaint, except deny

the allegations that the DOE was confused, and further, deny the allegations to the extent they allege, suggest, or imply any wrongful, unlawful, or improper acts or omissions by any of the defendants.

21.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "21" of the Complaint, except deny the allegations that there was actual confusion by the DOE, and further, deny the allegations to the extent they allege, suggest, or imply any wrongful, unlawful, or improper acts or omissions by any of the defendants.

22.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "22" of the Complaint, except deny the allegations that there was actual confusion by the DOE, and further, deny the allegations to the extent they allege, suggest, or imply any wrongful, unlawful, or improper acts or omissions by any of the defendants.

23.  Deny the allegations contained in Paragraph "23" of the Complaint, except aver that defendant Comprehensive Center uses the domain name <ComprehensiveCenter.com>.

24.  Deny the allegations contained in Paragraph "24" of the Complaint.

25.  Deny the allegations contained in Paragraph "25" of the Complaint, except aver that defendant Comprehensive Center may from time to time use the word "Comprehensive" on its website or telephone.

26. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "26" of the Complaint, except aver that defendants supply certain services and that one or more of the defendants has applied for and been awarded certain DOE contracts, and further, deny the allegations to the extent they allege or suggest any wrongful, unlawful, or improper acts or omissions by any of the defendants.

27. Deny the allegations contained in Paragraph "27" of the Complaint.

28. Deny the allegations contained in Paragraph "28" of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations that plaintiff Comprehensive is one of DOE's largest vendors in the fields set forth.

29. Deny the allegations contained in Paragraph "29" of the Complaint.

30. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "30" of the Complaint, except aver that their have been certain communications between Dr. Geliebter and Mr. Sklar, that there is a certain letter dated on or about May 1, 2007 from plaintiffs' counsel, to which letter the Court is respectfully referred for the true content and meaning thereof, and deny the allegations to the extent they allege, suggest, or imply any wrongful, unlawful, or improper acts or omissions by any of the defendants.

31. Deny the allegations contained in Paragraph "31" of the Complaint.

## FIRST CLAIM FOR RELIEF

**(Federal Trademark Infringement and Unfair Competition)
15 U.S.C. §1125(a)**

32. Except as hereinbefore admitted or otherwise pleaded, defendants deny the allegations contained in Paragraph "32" of the Complaint.

33. Deny the allegations contained in Paragraph "33" of the Complaint.

34. Deny the allegations contained in Paragraph "34" of the Complaint.

35. Deny the allegations contained in Paragraph "35" of the Complaint.

36. Deny the allegations contained in Paragraph "36" of the Complaint.

37. Deny the allegations contained in Paragraph "37" of the Complaint.

38. Deny the allegations contained in Paragraph "38" of the Complaint.

## SECOND CLAIM FOR RELIEF

**(Common Law State Trademark Infringement and Unfair Competition)**

39. Except as hereinbefore admitted or otherwise pleaded, defendants deny the allegations contained in Paragraph "39" of the Complaint.

40. Deny the allegation contained in Paragraph "40" of the Complaint.

41. Deny the allegation contained in Paragraph "41" of the Complaint.

42. Deny the allegation contained in Paragraph "42" of the Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

43. The Complaint fails, in whole or in part, to state a claim upon which relief may be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

44. Plaintiffs' claims are barred by the doctrines of laches and/or acquiescence.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

45. Plaintiffs' claims are barred by the doctrine of unclean hands.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

43. Plaintiffs' claims are barred by the doctrines of waiver and/or estoppel.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

44.     Plaintiffs lack standing to maintain this action because, upon information and belief, plaintiffs are not the owners of the trademark or any trademark registration.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

46.     The fair use doctrine prevents plaintiffs from claiming an exclusive use of the words "Comprehensive" in connection with the services.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

47.     Plaintiffs' claims are barred, in whole or in part, since there is no likelihood of confusion in the market place.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

48.     Defendants' alleged actions are not likely to cause injury to plaintiffs' business, reputation or dilution of the distinctive quality, if any, of plaintiffs' services.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

49.     Plaintiffs have suffered no harm and/or irreparable harm.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

50.     None of plaintiffs' alleged marks is protectable as a mark.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

51.     None of plaintiffs' alleged marks has acquired secondary meaning among relevant consumers and therefore none is protectable.

WHEREFORE, defendants demand judgment dismissing the Complaint in its entirety; awarding defendants their reasonable attorneys' fees, costs, and expenses, with interest thereon, for the defense of this action; and awarding such other and further relief as this Court deems just, proper and equitable.

Dated:   New York, New York
         January 31, 2008

                                        SNITOW KANFER HOLTZER
                                          & MILLUS, LLP

                                        By: _____
                                           Franklyn H. Snitow (FS-7414)
                                        575 Lexington Avenue, 14th Floor
                                        New York, New York 10022-6102
                                        (212) 317-8500
                                        *Attorneys for Defendants*


TO:   BRETT E. LEWIS, ESQ.
      LEWIS & HAND LLP
      45 Main Street, Suite 818
      Brooklyn, New York 11201
      (718) 243-9325
      *Attorneys for Plaintiffs*